1
2
3
4
The Honorable Richard A. Jones
5
6 **UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
7 **AT SEATTLE**

8  CHRISTOPHER KING, J.D. A/K/A          NO. 2:20-CV-01494-RAJ
   KINGCAST, and JOHN NOVAK,
9                                        STATE DEFENDANTS'
            Plaintiffs,                  MOTION TO DISMISS
10                                       PURSUANT TO FRCP 12(b)1, 2
      v.
11
   LIQUOR AND CANNABIS BOARD OF
12 THE STATE OF WASHINGTON; JANE         **NOTE ON MOTION**
   RUSHFORD, Chair of the Liquor and    **CALENDAR:**
13 Cannabis Board; RICK GARZA, Director
   of the Liquor and Cannabis Board; JAY **December 11, 2020**
14 INSLEE, Governor of Washington;
   ROBERT FERGUSON, Washington
15 Attorney General; WILLIAM P. BARR,
   United States Attorney General; and
16 OFFICE OF NATIONAL DRUG
   CONTROL POLICY
17
   In their Individual and Official Capacities,
18
            Defendants.
19
                    **I.    MOTION**
20
       The Honorable Jay Inslee, Governor of the State of Washington; Robert Ferguson,
21
22 Washington State Attorney General; the Liquor and Cannabis Board of the State of

23 Washington; Jane Rushford, Chair of the Liquor and Cannabis Board; and Rick Garza, Director

24 of the Liquor and Cannabis Board (collectively, the State Defendants), respectfully move this

25 Court for an order dismissing this action for lack of jurisdiction. Fed. R. Civ. Proc. 12(b)(1),

26 (2). The First Amended Complaint (Complaint) fails to establish that Plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law. Alternately, the Eleventh Amendment bars this suit against the State Defendants. For the reasons set forth below, Plaintiffs' complaint against the State Defendants should be dismissed.

## II.     MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### A.     Introduction

Plaintiffs Christopher King, J.D. and John Novak (Plaintiffs) brought this challenge to the authority of enforcement officers employed by the Washington State Liquor and Cannabis Board (LCB) as well as the LCB's regulation of the quality and variety of marijuana available at retail. Plaintiffs named as defendants Jay Inslee, Governor of the State of Washington; Robert Ferguson, Attorney General of the State of Washington; Jane Rushford, Chair of the Washington State Liquor and Cannabis Board; Rick Garza, Director of the Washington State Liquor and Cannabis Board; and the Washington State Liquor and Cannabis Board. Plaintiffs name the United States Attorney General and the Office of National Drug Control Policy as additional defendants.

### B.     Factual Background

Years ago, Washington voters enacted an initiative measure to establish a licensing and regulatory system governing the production, processing, distribution, and possession of marijuana for recreational purposes. 2013 Wash. Sess. Laws ch. 3 (codified as part of Wash. Rev. Code ch. 69.50). That measure designated the Washington State Liquor Control Board, later renamed the Washington State Liquor and Cannabis Board (LCB), as the state agency responsible for issuing licenses to producers, processors, and retailers of marijuana and for adopting related rules. Wash. Rev. Code § 69.50.342, .345. Pursuant to Revised Code of

STATE DEFENDANTS'
MOTION TO DISMISS
(2:20-CV-01494-RAJ)

2

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702

Washington (RCW) 66.44.010, LCB has the "power to enforce the penal provisions of this title and the penal laws of this state relating to . . . liquor." RCW 66.44.010(2). With the legalization of recreational marijuana, LCB's scope of authority expanded to include enforcement of the state's marijuana laws. RCW 69.50.500(a). In order to carry out its enforcement activities the LCB "may appoint and employ, assign to duty and fix the compensation of, officers to be designated as liquor enforcement officers." RCW 66.44.010(4). As employees of a limited authority Washington law enforcement agency, LCB enforcement officers are, by statute, limited authority peace officers. RCW 10.93.020(4).

Plaintiffs assert that because Washington State law only grants the LCB enforcement authority for laws related to liquor and because LCB enforcement officers are not general authority peace officers, they lack authority to enforce "criminal cannabis statutes." Compl. ¶ ¶14, 19. Plaintiffs contend that after various legislative attempts to obtain general authority status for its officers, LCB inappropriately adopted a policy in which LCB refers to enforcement personnel as "peace officers," possessing the authority to carry firearms and, in certain circumstances, conduct arrests without warrant. Compl. ¶ ¶ 36–39. Additionally, Plaintiffs allege that the LCB "imperils cannabis users" by not requiring testing to check for impurities or contamination. Compl. ¶ 49. Last, Plaintiffs argue that due to changes in Washington State law, Plaintiff Novak cannot obtain consistent access to the strains of marijuana that address his health issues. Compl. ¶ ¶ 58–61.

Plaintiffs assert that the foregoing constitute violations of both substantive and procedural due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, providing a basis for a claim under 42 U.S.C. § 1983. Compl. 17.

STATE DEFENDANTS'
MOTION TO DISMISS
(2:20-CV-01494-RAJ)

3

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702

As a remedy for the alleged violations, Plaintiffs seek an injunction, prohibiting LCB from using the word "[p]olice" to describe its officers that Plaintiffs deem improperly trained as well as preventing such officers from taking any enforcement action. Compl. 18. Plaintiffs also seek to enjoin all pending enforcement matters associated with these officers as well as an order deeming all criminal cases brought against individuals "under the artificially enlarged LCB ambit" as moot. *Id*. Last, Plaintiffs request an order, requiring the LCB to develop a marijuana-testing regimen to uncover various potential contaminants and to recall all products who fail to meet testing standards. *Id*.

## C.    Argument and Authority

This Court should dismiss all claims against the State Defendants under Federal Rules of Civil Procedure (FRCP) 12(b)(1) because Plaintiffs requested relief depends on resolution of questions of Washington State, not federal law. Alternatively, Eleventh Amendment immunity or qualified immunity bars all causes of action against the State Defendants.

### 1.    Plaintiffs' fail to establish a Federal Cause of Action

Congress has granted federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arise[es] under federal law within the meaning of § 1331 ... if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Cook Inlet Region, Inc., v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012). A plaintiff may not establish federal jurisdiction by including in its complaint allegations of federal-law questions that are not essential to its claim. *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019).

STATE DEFENDANTS'
MOTION TO DISMISS
(2:20-CV-01494-RAJ)

4

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702

The burden of demonstrating a federal question on a motion to dismiss for lack of jurisdiction rests entirely on the party seeking to invoke the court's jurisdiction, even though this Court may accept all material allegations of fact in the complaint as true for the purposes of this motion. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Plaintiff has failed to show that the complaint raises a federal question.

The Complaint mentions 42 U.S.C. § 1983 in a conclusory fashion in one paragraph of the Complaint, but "§ 1983 does not create a cause of action against state agencies . . . for constitutional wrongs." *Sanem v. Doe*, No. CV 19-6-M-DLC-JCL, 2019 WL 1895044, at *1 (D. Mont. 2019) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), and *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004)). Even taken together with allegations citing to the Fifth and Fourteenth Amendments, these allegations of federal questions are not central to Plaintiffs' claim. *Coeur d'Alene Tribe,* 933 F.3d at 1055. In fact, Plaintiffs' entire claim rests on the proper interpretation of Washington State statutes and the authority granted to LCB thereunder. Additionally, Plaintiffs' requested relief in the form of injunctions prohibiting LCB from using the word "[p]olice" to describe its officers and preventing such officers from taking any enforcement action as well as requiring the LCB to develop marijuana testing standards depends on resolution of a question of state, not federal law. *Cook Inlet,* 690 F.3d at 1130. Plaintiffs' inclusion of surface allegations of federal law questions does not overcome the fact that their claims and requested relief all depend on interpretation of Washington State's laws. As such, Plaintiffs fail to invoke this Court's jurisdiction and this action should be dismissed.

STATE DEFENDANTS'
MOTION TO DISMISS
(2:20-CV-01494-RAJ)

5

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702

2.    **In the alternative, all claims against State Defendants should be dismissed for lack of personal jurisdiction**

Alternatively, the Court should dismiss all causes of action against the State Defendants because Eleventh Amendment immunity bars all claims against the LCB, and the named state officials in their official capacity. Moreover, this Court should dismiss any cause of action under 42 U.S.C. § 1983 as not properly pled and further barred by the doctrine of qualified immunity.

The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI.

This Constitutional provision bars actions against states in federal court, absent that state's consent. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). A state's immunity from suit extends to its "agencies or departments," such as the State Liquor and Cannabis Board. *Pennhurst*, 465 U.S. at 100. Any consent by a state to a waiver of its immunity from suit must be "unequivocally expressed." *Id.* at 99.

The LCB is a state agency constituted pursuant to Title 66, Chapter 66.08, Section .012 of the RCW. The LCB shares Washington's immunity from suit in federal court. *Pennhurst*, 465 U.S. at 99–100. The LCB has not consented to waive its Eleventh Amendment immunity and Plaintiffs do not offer any allegations to the contrary. As such, this Court lacks jurisdiction over the LCB and it should be dismissed from this action.

STATE DEFENDANTS'
MOTION TO DISMISS
(2:20-CV-01494-RAJ)

6

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702

Plaintiffs also name the Governor of the State of Washington, the Attorney General of Washington, and the LCB's Chair and Executive Director in both their official and personal capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71. The law is particularly clear that any claim against state officials alleging that they "violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 121. Thus, the Eleventh Amendment bars suits filed against state agencies and state officers based on violations of state law, *Id*. at 106, and Plaintiffs' claims against the state officers in their official capacity should be dismissed. Plaintiffs' claims brought against the named state officials in their personal capacities are equally defective and should also be dismissed.

The Eleventh Amendment does not bar suits under 42 U.S.C. § 1983 against state officers in their personal capacities that seek prospective injunctive relief. *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). However, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009).

Here, Plaintiffs allege that the state officials acting in their personal capacities, "engineered or omitted the ongoing unlawful and unconstitutional deprivations" described in the Complaint, constituting violations of their Fifth and Fourteenth Amendment rights as well as their rights under 42 U.S.C §§ 1983. Compl. 17. Additionally, the Complaint asserts that

STATE DEFENDANTS'
MOTION TO DISMISS
(2:20-CV-01494-RAJ)

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702

"[u]nder color of law pursuant to 42 U.S.C. § 1983 and [o]ut of [d]esign, [p]attern and [p]ractice that no reasonable [l]aw [e]nforcement [o]fficer would allow LCB has proceeded to enforce criminal cannabis statutes that it has no right to enforce… ." Compl. ¶14. Because the Complaint only mentions 42 U.S.C §§ 1983 in a conclusory fashion, Plaintiffs fail to properly plead a cause of action under that statute and this Court should dismiss any claims arising under 42 U.S.C. § 1983 against the state officials in their personal capacities. Furthermore, qualified immunity bars Plaintiffs' claims against state officials in their personal capacities.

Qualified immunity shields government officials performing discretionary functions as long as their conduct does not violate clearly established constitutional law of which a reasonable person should have known. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). The test is whether the facts alleged by the plaintiff make out a violation of a constitutional right and, second, whether the right at issue was "clearly established" at the time of the alleged violation. *Id*. at 232.

Here, Plaintiffs allege generally that the State Defendants violated their Fifth and Fourteenth Amendment rights as well as their rights under 42 U.S.C §1983 by allowing the activities described in the Complaint. Compl. 17. Plaintiffs' allege nothing, however, regarding how the alleged lack of quality and variety in available marijuana strains or the purported deficiency in training for LCB enforcement officers violates their protections against self-incrimination and involuntary servitude, due process rights, or their right to equal protection of the laws. Consequently, Plaintiffs fail to allege any clearly established constitutional right implicated under the facts of this case. Second, it is objectively reasonable for the LCB Board Chair and Executive Director not to interfere with the LCB's regulation and enforcement of

STATE DEFENDANTS'
MOTION TO DISMISS
(2:20-CV-01494-RAJ)

8

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702

Washington State's marijuana laws. Moreover, Plaintiffs make no factual allegations regarding how Governor Jay Inslee or Attorney General Bob Ferguson violated any constitutional rights. For these reasons, the Court should dismiss the 42 U.S.C. § 1983 claims brought against the individually named state officials.

### III.    CONCLUSION

For these reasons, this Court should grant the State Defendants' motion to dismiss this action for lack of jurisdiction.

DATED this 19th day of November, 2020.

ROBERT W. FERGUSON
Attorney General

 s/ Michelle A. Carr
MICHELLE A. CARR, WSBA # 53647
*Assistant Attorney General*
1125 Washington Street SE
PO Box 40110
Olympia, WA 98504
Michelle.Carr@atg.wa.gov
LalOlyEF@atg.wa.gov
(360) 586-2644

Counsel for State Defendants

STATE DEFENDANTS'
MOTION TO DISMISS
(2:20-CV-01494-RAJ)

9

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on November 19, 2020, I caused the foregoing STATE

3

DEFENDANTS' MOTION TO DISMISS, DECLARATION OF MICHELLE CARR and

4

PROPOSED ORDER to be served upon the below listed Plaintiff by First Class United States

5

mail, marked for delivery to:

6

7

     JOHN NOVAK
     20126 BALLINGER WAY NE
     PMB 260

8

     SHORELINE, WA 98155

9

Via PACER portal:

10

     CHRISTOPHER KING
     721 E 5TH ST

11

     ARLINGTON, WA 98223

12

     THE HONORABLE RICHARD JONES
     U.S. DISTRICT COURT W.D. WASHINGTON

13

     700 STEWART STREET SUITE 13128
     SEATTLE, WA 98101-9906

14

15

     I certify under penalty of perjury under the laws of the state of Washington that the

16

foregoing is true and correct.

17

     DATED this 19th day of November 2020 at Olympia, WA.

18

19

20

                       */s/ K'Laine S. Hatfield*
                       K'LAINE S. HATFIELD

21

                       Legal Assistant

22

23

24

25

26

STATE DEFENDANTS'
MOTION TO DISMISS
(2:20-CV-01494-RAJ)

10

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702