1

2                                              **The Honorable Richard Jones**

3

4

5

6                  **UNITED STATES DISTRICT COURT**
            **WESTERN DISTRICT OF WASHINGTON**
7                         **AT SEATTLE**

8

   CHRISTOPHER KING, J.D. A/K/A              NO. 2:20-CV-01494-RAJ
9  KINGCAST, and JOHN NOVAK,
                                            STATE DEFENDANTS'
10          Plaintiffs,                     OPPOSITION TO PLAINTIFFS'
                                            MOTION TO FILE SECOND
11     v.                                   AMENDED COMPLAINT

12 LIQUOR AND CANNABIS BOARD
   OF THE STATE OF WASHINGTON
13 "LCB"; JANE RUSHFORD, CHAIR OF           **NOTE ON MOTION CALENDAR:**
   LCB AND RICK GARZA, DIRECTOR
14 OF LCB, JAY INSLEE, GOVERNOR             **August 20, 2021**
   OF WASHINGTON, ROBERT
15 FERGUSON, WASHINGTON
   ATTORNEY GENERAL AND
16 WILLIAM P. BARR, UNITED
   STATES ATTORNEY GENERAL,
17 OFFICE OF NATIONAL DRUG
   CONTROL POLICY
18
   In their Individual and Official
19 Capacities,

20          Defendants.

21
                        **I.      INTRODUCTION**
22
         The Honorable Jay Inslee, Governor of the State of Washington; Robert Ferguson,
23
   Washington State Attorney General; the Liquor and Cannabis Board of the State of Washington;
24
   Jane Rushford, Chair of the Liquor and Cannabis Board; and Rick Garza, Director of the Liquor
25
   and Cannabis Board (collectively, the State Defendants), oppose Plaintiffs' Motion to File
26

1   Second Amended Complaint (Motion) on the grounds that Plaintiffs' Motion is procedurally

2   defective. Additionally, permitting Plaintiffs to file a second amended complaint would be futile

3   as it would not only fail to cure the original complaint's defects, but adds additional, equally

4   untenable claims and causes of action, resulting in a more defective complaint than the one being

5   amended. As such, the State Defendants respectfully request that the Court deny Plaintiffs'

6   Motion.

## II.   ARGUMENT AND AUTHORITY

**A.   Plaintiffs' Motion to File Second Amended Complaint is Procedurally Defective.**

9   It is the obligation of the party filing a motion to determine the appropriate noting date and

10  include that date in the motions' caption. LCR 7(b)(1). Additionally, a party moving for leave to

11  amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the

12  motion. LCR 15. The proposed amended pleading must indicate how it differs from the pleading

13  that it amends by bracketing or striking through the text to be deleted and underlining or

14  highlighting the text to be added. LCR 15.

15  Here, Plaintiffs' failed to note the Motion, requiring the Court to establish the date and

16  inform the parties. Plaintiffs' second and more egregious procedural defect is their failure to

17  indicate in any way how the proposed second amended complaint differs from the first amended

18  complaint, requiring State Defendants to comb through the 27 pages to ascertain the proposed

19  changes. In spite of Plaintiffs' failure to identify how the Second Amended Complaint differs

20  from the First Amended Complaint, State Defendants are able to determine that nothing in this

21  document cures the defects in the pleading to be amended that is the subject of a pending motion

22  to dismiss.

23

24

25

26

STATE DEFENDANTS'
OPPOSITION TO PLAINTIFFS'
MOTION TO FILE SECOND
AMENDED COMPLAINT
(2:20-CV-01494-RAJ)

2

**B.** **It Would Be an Exercise in Futility to Permit Plaintiffs to File the Proposed Second Amended Complaint Because it Fails to Cure the Defective Pleading, and Includes Additional Defective Causes of Action and Claims.**

A party may amend its pleading once as a matter of course, but must seek leave of the court to file additional amended pleadings. FRCP 15(a)(1), (2). Courts will freely give leave to amend "when justice so requires." FRCP 15(a)(2). The court considers five factors in deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended its pleading. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995). "Futility alone can justify the denial of a motion to amend." *Id.*. Amendment of a pleading is futile when "it is clear that the complaint could not be saved by amendment" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Plaintiffs' proposed second amended complaint suffers from the same defects as the first amended complaint in that fails to establish that Plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law. This latest filing includes concerns raised by current and former LCB employees along with additional examples of what Plaintiffs claim are overreaches of LCB's authority. Second Amend. Compl. ¶¶ 9-11, 30, 32. However, none of the accusations that LCB enforcement officers are acting outside the bounds of their statutory authority changes the fact that Plaintiffs' requested relief hinges on the resolution of questions of Washington State, not federal law. In addition to failing to address jurisdictional defects, Plaintiffs propose to add new claims that are equally flawed and subject to dismissal.

Among the suspect proposed new claims are that former LCB employee Pat Kohler, in conjunction with the agency, violated state ethics laws. Second Amend. Compl. ¶¶ 37-43. Plaintiffs also allege that the LCB wrongfully terminated an IT employee that Plaintiffs paint as a "whistleblower." *Id*. ¶¶ 44-47. Furthermore, Plaintiffs allege that the LCB is "illegally" participating in a federal asset forfeiture program. *Id*. ¶¶ 22-23. However, Plaintiffs do not articulate how they are harmed by any of these actions. If the Court permits Plaintiffs to file the

STATE DEFENDANTS'
OPPOSITION TO PLAINTIFFS'
MOTION TO FILE SECOND
AMENDED COMPLAINT
(2:20-CV-01494-RAJ)

3

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St. SE
Olympia, WA  98504-0110
360-753-2702

1  proposed amended pleading, State Defendants would move to dismiss it on the same grounds as

2  are laid out in their pending Motion to Dismiss Pursuant to FRCP 12(b)(1) and (2), as well as

3  Plaintiffs' failure to state a claim upon which relief may be granted. Because it is clear that the

4  first amended complaint cannot be saved by amendment, the Court is well within its discretion

5  to deny Plaintiffs' Motion. *Bonin*, 59 F.3d at 845.

6  ### III.   CONCLUSION

7  Because Plaintiffs cannot cure the defects in the first amended complaint through filing

8  a further amended pleading, State Defendants request that this Court deny Plaintiffs' Motion to

9  File Second Amended Complaint.

10

11  DATED this 13th day of August, 2021.

12

13  ROBERT W. FERGUSON
   Attorney General

14
     s/ Michelle A. Carr
15  MICHELLE A. CARR, WSBA # 53647
   *Assistant Attorney General*
16  1125 Washington Street SE
   PO Box 40110
17  Olympia, WA 98504
   Michelle.Carr@atg.wa.gov
18  LalOlyEF@atg.wa.gov
   (360) 586-2644
19

20  Counsel for State Defendants

21

22

23

24

25

26

STATE DEFENDANTS'
OPPOSITION TO PLAINTIFFS'
MOTION TO FILE SECOND
AMENDED COMPLAINT
(2:20-CV-01494-RAJ)

4

1

**CERTIFICATE OF SERVICE**

2

3        I, Michelle Carr, hereby certify that on August 13, 2021, I caused the foregoing **STATE**

4    **DEFENDANTS' OPPOSITION TO MOTION TO FILE SECOND AMENDED**

5    **COMPLAINT** and **[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO**

6    **FILE SECOND AMENDED COMPLAINT** to be served upon the below listed Plaintiffs by

7    First Class United States mail, as well as an electronic copy, marked for delivery to:

8        JOHN NOVAK
         20126 BALLINGER WAY NE
9        PMB 260
         SHORELINE, WA 98155
10       JMNOVAK22@OUTLOOK.COM

11   Via PACER portal:

12       CHRISTOPHER KING
         721 E 5TH ST #B
13       ARLINGTON, WA 98223

14       THE HONORABLE RICHARD JONES
         U.S. DISTRICT COURT W.D. WASHINGTON
15       700 STEWART STREET SUITE 13128
         SEATTLE, WA 98101-9906
16

17       I certify under penalty of perjury under the laws of the state of Washington that the

18   foregoing is true and correct.

19       DATED this 13th day of August 2021 at Olympia, WA.

20

21

22                                          /s Michelle A. Carr_____
                                            Michelle A. Carr
23

24

25

26

STATE DEFENDANTS'                          5          ATTORNEY GENERAL OF WASHINGTON
OPPOSITION TO PLAINTIFFS'                                Licensing & Administrative Law Division
MOTION TO FILE SECOND                                      1125 Washington St. SE
AMENDED COMPLAINT                                          Olympia, WA 98504-0110
(2:20-CV-01494-RAJ)                                          360-753-2702