The Honorable Richard Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER KING, J.D. A/K/A KINGCAST, and JOHN NOVAK,<br><br>Plaintiffs,<br><br>v.<br><br>LIQUOR AND CANNABIS BOARD OF THE STATE OF WASHINGTON "LCB"; JANE RUSHFORD, CHAIR OF LCB AND RICK GARZA, DIRECTOR OF LCB, JAY INSLEE, GOVERNOR OF WASHINGTON, ROBERT FERGUSON, WASHINGTON ATTORNEY GENERAL AND WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL, OFFICE OF NATIONAL DRUG CONTROL POLICY<br><br>In their Individual and Official Capacities,<br><br>Defendants. | NO. 2:20-CV-01494-RAJ<br><br>STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR PERMISSIVE JOINDER AND TO MOOT DEFENDANTS' 12(B)(1) MOTION TO DISMISS<br><br>**NOTE ON MOTION CALENDAR:**<br><br>September 3, 2021 |

## I. INTRODUCTION

The Court should deny Plaintiffs' motion seeking to add Cynjo Raylene Hall as a plaintiff, and should deny Plaintiffs' request to treat the Defendants' Motion to Dismiss as moot. Plaintiffs have articulated no basis under FRCP 20 as to why the proposed additional Plaintiff should be joined. Further, the joinder of the proposed additional Plaintiff is contrary to FRCP

STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR PERMISSIVE JOINDER AND TO MOOT DEFENDANTS' 12(B)(1) MOTION TO DISMISS
(2:20-CV-01494-RAJ)

1

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St. SE
Olympia, WA  98504-0110
360-753-2702

20's emphasis on judicial economy and efficiency. Finally, Defendants' Motion to Dismiss is currently pending before the Court, and the joinder of this additional Plaintiff does nothing to cure the fundamental flaws with Plaintiffs' action, as the Defendants set forth in their Motion to Dismiss and in their Opposition to Plaintiffs' Motion to File Second Amended Complaint.

## II.     ARGUMENT AND AUTHORITY

### A.  Plaintiffs' Motion for Joinder is Legally Insufficient and Contrary to the Goals of Permissive Joinder under FRCP 20

It is within the Court's discretion to determine whether to grant joinder under FRCP 20. A motion for permissive joinder requires a showing that: "(1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Plaintiffs' motion fails to set forth facts or reasoning sufficient to clear this threshold. But, even if such a showing is met, the Court may decline to permit joinder if it is contrary to the purpose of FRCP 20, which is "to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977)). The Court will achieve no economy or expedite the final determination of this dispute by joining an additional plaintiff.

### 1.     Plaintiffs' motion is insufficient to support joinder

As an initial matter, Plaintiffs' Motion is factually and legally insufficient to support joinder under FRCP 20. In order to meet the requirements of the rule, Plaintiffs—and the proposed additional plaintiff—must show that they "assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences," and that "there are common questions of law or fact." Plaintiffs have put forward no factual allegations to support that they and the proposed joined plaintiff seek any relief arising from "the same transaction, occurrence, or series of transactions or occurrences." Instead, Plaintiffs' Motion first makes reference to Levi Lyon, an

STATE DEFENDANTS' RESPONSE TO
PLAINTIFFS' REQUEST FOR
PERMISSIVE JOINDER AND TO
MOOT DEFENDANTS' 12(B)(1)
MOTION TO DISMISS
(2:20-CV-01494-RAJ)

2

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St. SE
Olympia, WA  98504-0110
360-753-2702

individual whose relationship to this matter is not apparent. Pls' Mot. Permissive Joinder 1. The references to Cynjo Hall consist of a link to an email, and incomplete portion of an email sent by Mr. King (*see* Decl. of Jonathan Pitel ¶ 3; Exhibit A); and a purported, uncertified copy of a judgment and sentence issued by the Snohomish County District Court. The purported judgment and sentence includes no corroborating information, nor does it provide any rationale for the outcome of the matter involving Cynjo Hall. And Plaintiffs have alleged no facts tying themselves to the same transaction or occurrence (or series thereof) which led to Cynjo Hall's misdemeanor charge. Nor have they alleged facts tying that charge to this action. And finally, they allege nothing connecting any of the State Defendants to the misdemeanor charge described in the purported judgment and sentence from the Snohomish County District Court. The only reference to any of the State Defendants is a cursory, unsupported sentence regarding LCB's supposed interactions with yet another third party—not Cynjo Hall. *See* Pls' Request 4.

Simply put, Plaintiffs have not described (1) what relief the proposed additional Plaintiff seeks; (2) what claims the proposed additional Plaintiff intends to put forward in support of that relief; (3) how any of Cynjo Hall's claims are related or tied to the claims set forth in this action; or (4) how any of the Defendants are tied to any of Cynjo Hall's claims. Even read in the most generous possible terms, that Cynjo Hall's misdemeanor charge was related to the status of the Washington State Liquor and Cannabis Board's enforcement officers, this motion for joinder is legally insufficient under the rule and should be denied.

**2. Permitting joinder would defeat the goals of judicial economy underlying FRCP 20**

As the Defendants set forth in their Motion to Dismiss, Plaintiffs' claims necessarily depend on the resolution of questions of Washington State, not federal law. Nothing about Plaintiffs' proposed joinder changes that fundamental flaw with this suit in this venue. The rationale underlying FRCP 20 is that joinder is appropriate when it will promote judicial economy and will expedite the final determination of disputes. *League to Save Lake Tahoe*, 558

STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR PERMISSIVE JOINDER AND TO MOOT DEFENDANTS' 12(B)(1) MOTION TO DISMISS (2:20-CV-01494-RAJ)

3

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St. SE
Olympia, WA 98504-0110
360-753-2702

F.2d at 917 (9th Cir. 1977)). But it is contrary to the purpose of judicial economy to add new plaintiffs alleging the same claims, which are equally flawed and equally subject to dismissal on the same basis as the Motion currently pending before this Court. Plaintiffs have not attempted to make any showing that joinder will promote judicial economy, as they cannot. And it is within this Court's discretion to deny joinder. *Coughlin*, 130 F.3d at 1350 (9th Cir. 1997).

Again, reading Plaintiffs' Motion with the greatest generosity, the only possible tie to this action and the Defendants is to assume that Cynjo Hall's misdemeanor charge was related, in some manner, to the scope of legal authority of the Washington State Liquor and Cannabis Board's enforcement officers, as prescribed by Washington law. But, again, all of Plaintiffs' claims stem from the resolution of questions of Washington State law, not questions of federal law. This will not change with the addition of Cynjo Hall as Plaintiff.

**B.     Defendants' Motion to Dismiss is Not Moot; Instead Plaintiffs' Request Reinforces that this Action Turns Entirely on the Resolution of Issues of State Law**

Finally, in a footnote, and with neither argument nor support, Plaintiffs ask the Court find that Defendants' Motion to Dismiss is "moot," apparently assuming (1) that the Court will grant their request for joinder and (2) that the inclusion of the proposed plaintiff fundamentally alters the analysis of Defendants' Motion to Dismiss. First, Plaintiffs' footnote is not a proper motion before the Court, nor is it properly filed as a response to Defendants' long-pending Motion. As the Ninth Circuit has emphasized, "[o]ur circuit has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief." *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.1994)).

Second, and more importantly, even should the Court grant joinder here, the fundamental flaws in Plaintiffs' action would remain. Again, Plaintiffs' claims rely entirely on questions of Washington State law, and do not raise any federal question. A plaintiff may not establish federal

STATE DEFENDANTS' RESPONSE TO
PLAINTIFFS' REQUEST FOR
PERMISSIVE JOINDER AND TO
MOOT DEFENDANTS' 12(B)(1)
MOTION TO DISMISS
(2:20-CV-01494-RAJ)

4

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St. SE
Olympia, WA  98504-0110
360-753-2702

jurisdiction by including in its complaint allegations of federal-law questions that are not essential to its claim. *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019); *see also* State Defendants' Mot. to Dismiss Pursuant to FRCP 12(b)(1), (2), ECF No. 28). Plaintiffs have provided no support or any argument indicating how the inclusion of Cynjo Hall would change this analysis, or in fact, any details about her claims whatsoever. Defendants' Motion to Dismiss should be granted.

### III. CONCLUSION

Because Plaintiffs have not demonstrated that they meet the threshold requirements for joinder, and because even if they did, permitting joinder would not promote judicial economy or speed the final decision on justiciable claims, their motion should be denied. Additionally, to the extent the Plaintiffs have properly opposed Defendants' pending Motion to Dismiss, their arguments are both unsupported and incorrect, and Defendants' Motion is not moot, and should be granted.

DATED this 30th day of August, 2021.

ROBERT W. FERGUSON
Attorney General

/s/ Jonathan E. Pitel
JONATHAN E. PITEL, 47516
*Assistant Attorney General*
1125 Washington Street SE
PO Box 40110
Olympia, WA 98504
Jonathan.pitel@atg.wa.gov
LalOlyEF@atg.wa.gov
(360) 586-2780

Counsel for State Defendants

STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR PERMISSIVE JOINDER AND TO MOOT DEFENDANTS' 12(B)(1) MOTION TO DISMISS
(2:20-CV-01494-RAJ)

5

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St. SE
Olympia, WA 98504-0110
360-753-2702

# CERTIFICATE OF SERVICE

I, Jonathan Pitel, hereby certify that on August 30, 2021, I caused the foregoing **STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR PERMISSIVE JOINDER AND TO MOOT DEFENDANTS' 12(B)(1) MOTION TO DISMISS; DECLARATION OF JONATHAN E. PITEL IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR PERMISSIVE JOINDER;** and **[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION FOR PERMISSIVE JOINDER AND TO MOOT STATE DEFENDANTS' MOTION TO DISMISS** to be served upon the below listed Plaintiffs by First Class United States mail via Consolidated Mail Service, as well as an electronic copy, marked for delivery to:

    JOHN NOVAK ;
    20126 BALLINGER WAY NE
    PMB 260
    SHORELINE, WA 98155
    JMNOVAK22@OUTLOOK.COM

Via PACER portal:

    CHRISTOPHER KING
    MORTGAGEMOVIES007@GMAIL.COM

Via Email to:

    THE HONORABLE RICHARD JONES
    U.S. DISTRICT COURT W.D. WASHINGTON
    700 STEWART STREET SUITE 13128
    SEATTLE, WA 98101-9906
    JONESORDERS@WDWA.USCOURTS.GOV

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 30th day of August 2021 at Olympia, WA.

    /s Jonathan E. Pitel
    JONATHAN E. PITEL, WSBA #47516
    Assistant Attorney General

STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR PERMISSIVE JOINDER AND TO MOOT DEFENDANTS' 12(B)(1) MOTION TO DISMISS
(2:20-CV-01494-RAJ)

6

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St. SE
Olympia, WA  98504-0110
360-753-2702