IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CHRISTOPHER KING, J.D. )
A/K/A KINGCAST,
and )
JOHN NOVAK,
            )    CASE NO 2-20-cv-01494-RAJ
    Taxpayer Plaintiffs,
            )    JUDGE RICHARD A. JONES

vs.
            )
LIQUOR AND CANNABIS BOARD OF THE STATE
OF WASHINGTON "LCB"; JANE RUSHFORD, )
CHAIR OF LCB AND RICK GARZA, DIRECTOR OF LCB,
In their Individual and Official Capacities, )

    Defendants. )

**PLAINTIFFS' OBJECTION AND CLARIFICATION
TO THE COURT'S ORDER OF DISMISSAL
FILED SEPTEMBER 8, 2021**

NOW COME THE PLAINTIFFS to note that they would like to clarify a few things that are of paramount importance as it appears the Court has fundamental misunderstandings as to the substance of their arguments. As such, they elucidate herein as they finalize their Second Amended Complaint for timely submission per Court Order.

I.    <u>The Arbitrary and Capricious Standard on the Authority Issue</u>.

Firstly, we now have the correspondence file that predicated the dismissal of Criminal charges against area bud tender Cynjo Raylene Hall (Appendix A) Plaintiff King worked extensively with the Public Defendant Samuel Backman in providing him information via four (4) zoom calls and several emails, the same way he provided information to Seattle Hempfest Entertainment Director Levi Lyon's Counsel as they too earned a dismissal in his Criminal case involving seizure and forfeiture of two rather expensive RVs.

While that Counsel was not so forthcoming the records of a Public Defender are arguably public when Attorney-Client Privilege is waived so we now have the following passage for the Court's edification:

> Re: Cynjo Hall 18580A19D... "I'd just request dismissal; I think she made a mistake, but it was a mistake that she got fired for and being fired was the appropriate consequence for the mistake she made. You might also look at RCW 66.44.010: Local officers to enforce law—Authority of board—Liquor enforcement officers. (wa.gov). This statute is the subject of some house bills which update it to include language indicating that enforcement of Cannabis rules is also within the jurisdiction of Liquor and Cannabis enforcement officers, but as it currently exists it hasn't been updated such that they have authority to investigate and charge criminal issues, at least that's my reading. Initially I thought of this as more of a *Knapsted* motion, but now I think it's a 3.6 suppression issue since the search would have been illegal if they didn't have authority to investigate in the first place. It's a narrow issue but I think it's there." (Appendix A).

**********

This message was sent from myself to the State's representative in the matter on 8/17/2021.

**********

That was moments after our zoom call the same day, and precisely one (1) day prior to the 8/18/2021 dismissal as previously filed with the Court. Suffice to say in this instance, *post hoc ergo propter hoc* is actually true and accurate.





Again, the media links for the videos that Plaintiff King developed with Ms. Hall and Mr. Lyon are below for the Court's edification and of course the reasonable allegations must be considered as true and in the light most favorable to the Plaintiffs. That's the Law on a 12(b)(1) or a 12(b)(6) Motion to Dismiss.

Levi Lyon:

http://christopher-king.blogspot.com/2020/03/kingcast-sees-washington-liquor-and.html
06 March 2020
KingCast Sees Washington Liquor and Cannabis Board Sued for Unlawful Seizures as they Target Seattle Hempfest Entertainment Director.[1]

https://youtu.be/MML9MyI8if4
**Washington Liquor and Cannabis Board Caught in Bogus Criminal Prosecution**

Cynjo Raylene Hall

https://www.youtube.com/watch?v=1dccXJsebIw&t=27s

**Washington LCB Busted for Being Fake Police Under 42 USC §1983 with Cynjo Raylene Hall**

Here then, is the point:

No reasonable State Actor would believe that they had authority to proceed in a Criminal Proceeding yet LCB Officials and all named Defendants did so and implored their underlings such as Agents Jung and Satterly to do so or risk their employment at LCB.

Given the multiple attempts to obtain Cannabis Criminal Authority and testimony of LCB Officials in such proceedings it is patently clear that they know they lacked authority and that takes this case beyond the mere notion that it turns on analysis of State Law: No.

*The State Law was and is clear – there was no authority.* Plaintiffs provided the following case law in Supplemental Pleadings that were not reflected in the Court's Decision. To wit:

---

[1] The lawsuit referenced at that time was a Replevin Motion. That was put aside when LCB then tried to force its hand on the failed Criminal case that we shut down. Frankly Mr. Lyon's emotional health is at stake right now and that is the primary reason he has not joined this case yet. But he is still present and rebuilding his life after a year of unlawful hell occasioned by *ultra vires* LCB actions and we will be doing events to draw awareness on this issue. He is not a hypothetical man. Nor is Ms. Hall a hypothetical woman. They and the others who comprise the $25M booty noted herein are real representatives of classes of people impacted by LCB *ultra vires* actions. At what point is substantial, substantial. One would think that Plaintiffs crossed that threshold at the first $10M at a minimum.

Arbitrary and Capricious malfeasance provides a sustainable Cause of Action under 42 USC §1983.  See *Robinson v. Seattle*, 119 Wn.2d 34 (1992) 830 P.2d 318; *Hayes v. City of Seattle*, 131 Wn.2d 706, 712-713, 934 P.2d 1179 (1997) a case that Plaintiff King noted during the Jung Deposition that will soon appear on YouTube as well, however with the actual zoom recording as opposed to this Facebook live download:

https://www.facebook.com/KingCast/videos/10219477798675212

Also there is an Eighth Circuit case of Tri-County Landfill v. Brule County, SD (2000 SD 148)

[¶11.]  Under a 42 USC § 1983 cause of action, a party may recover damages for the "'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States caused by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'"  See Michigan Envtl. Resources Assocs., Inc. v. County of Macomb, 669 F.Supp 158, 159 (EDMich 1987) (quotation omitted). In a § 1983 action, plaintiff must prove two elements.  Id.  First, a plaintiff must prove "that the defendant acted under color of state law."  Id.  Second, the plaintiff must prove that "the defendant deprived the plaintiff of a federal right, either statutory or constitutional."  Id. (citing Gomez v. Toledo, 446 US 635, 100 SCt 1920, 64 LEd2d 572 (1980)).  The parties do not dispute that County's conduct was under "color of state law"; therefore, the first element of a § 1983 cause of action is clearly satisfied.  As such, the crux of our review focuses on whether Landfill was deprived of any "statutory or constitutional right."

[¶12.]  Landfill originally alleged in its complaint in this case that "revocation by [County] was without prior notice to the [Landfill] and was arbitrary, capricious, willful, malicious, and an unconstitutional taking without just compensation, due process and denied the [Landfill] equal protection under both the South Dakota and United States Constitutions and is actionable under [42] USC 1983 and 1985."

The Court went on to elaborate on whether the standard is "arbitrary and capricious," "a shock of the conscience" or "completely irrational."  Plaintiffs contend that whether it be "arbitrary and capricious" or "a shock of the conscience" or "completely irrational" Plaintiffs have more than clearly met their burden to move forward not only at a 12(b)(1) level but also at a 12(b)(6) level as well when that time comes around.

Further, it's not a hypothetical situation. People are being subjected to Criminal Proceedings all the time by and through LCB Agents, everyone knows that…. It's what they do. Not just Putative Plaintiff Hall but Levi Lyon and countless others. It is a huge endeavor as well….

As noted in 2018 for example $25M out of $52M (for the ENTIRE COUNTRY per DEA website) in seizures attendant to Criminal proceedings. That quantum of harm alone is enough to warrant Taxpayer Standing per case law previously cited as well.

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Virginia | 73 | 1,933 | 11 | 507 | 2,440 | 900 | 147 | $127,171.86 | 93 |
| Washington | 44 | 30,351 | 48 | 81,487 | 111,838 | 14,220 | 198 | $25,455,108.00 | 46 |
| West Virginia | 126 | 67,105 | 7 | 940 | 68,045 | 237 | 43 | $172,832.00 | 28 |
| Wisconsin | 21 | 4,963 | 75 | 1,060 | 6,023 | 1,320 | 137 | $2,071,577.99 | 105 |
| Wyoming | 0 | 0 | 0 | 0 | 0 | 6,328 | 123 | $36,047.00 | 2 |
| Total | 3,847 | 2,221,837 | 1,618 | 598,333 | 2,820,170 | 316,632 | 5,632 | $52,308,982.25 | 2,862 |

As such, the Court's language:

> Although it is "well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury," *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012), the Court finds that Plaintiffs' hypothetical risk of injury does not. Plaintiffs' concern about possible harm to unidentified individuals in the general populace resulting from a hypothetical investigation, arrest, and prosecution is purely speculative.

…..does not apply here. How on Earth could the Plaintiffs – prior to full Discovery mind you – have an ability to specifically quantify the harms when we all know that the LCB carries out these duties as a matter of course. The Court already had in its file for example, the above graph from the DEA noting the $25M quantum.

II.     <u>Cannabis Testing and Fourteenth Amendment Equal Protection Liability</u>.

The Court's Order also stated that the matter of testing is strictly a State question. With all due respect perhaps Plaintiffs have not clearly communicated the point but to be crystal clear the point is that inadequate testing and other LCB policies are having an adverse and foreseeably negative impact.  This entire area of Law is clearly a question of Constitutional import *right here in the Ninth Circuit* as noted by a Faculty Learned Treatise from Case Western Reserve School of Law -- Plaintiff King's Alma Mater:

*The Constitutional Right to Make Medical Treatment Decisions: A Tale of Two Doctrines*

B. Jessie Hill
Case Western University School of Law, jessie.hill@case.edu (2006).

> On appeal, the Ninth Circuit strongly encouraged the court to issue an injunction allowing the distributors to provide marijuana to those individuals who met the requirements of medical necessity.34[2]

Moreover, Plaintiffs had noted in Supplemental Pleadings:

> Further evidence will show that it is not just the THC levels, it is the "hot pot" as well – the lack of adequate pesticide testing combined with the fact that proliferation of new strains for recreational users like Plaintiff King to dabble in drives the market whilst medical users like Plaintiff Novak who need constant, steady and regulated product suffer, and that is a Fourteenth Amendment Equal Protection issue in point of fact. And remember, the Medical users have to fight with the recreational users to obtain medically-compliant products. As such that is yet another basis for Federal Jurisdiction. See Appendix D showing taxable review from the Medical side dwindle from 39.7% in Q3 after 502 was passed to 1.1% now. These are cold hard facts but the LCB does not care because it is too busy raking in all kinds of money from all of these retail sales and confiscation of property such as Levi Lyons RVs without even a signed Warrant Affidavit…. From a man who is now running scared of his Deposition and hastily resigning his post.

They also noted there were never any mandatory recalls until after they brought the matter to the public eye as there is absolutely no record of any impounded and destroyed cannabis, ever.

> See WAC §314-55-225 with mandatory language:
>
> (e) **Destruction of affected product.** An affected licensee must coordinate destruction of affected product with the local WSLCB enforcement officer and allow WSCLB [WSLCB] enforcement to oversee the destruction of affected product recalled to ensure the destruction of affected product that poses risks to consumers.
>
> ……despite the dozens of unauthorized pesticides noted over the years at tab 3, there were but 18 recalls for all of these years and these were all voluntary recalls. The only mandatory recall came approximately four (4) days after Plaintiffs issued these Discovery Requests. Busted again. Plaintiff apologize for the colloquialism but it's a fact.  And simple. And True.
>
> At this point Plaintiffs respectfully ask the Court to recognize that we have indeed crossed into the realm of the theatre of the absurd.  As such, Plaintiffs believe they are entitled to a negative inference on this matter in their favor at this point of the litigation – and at Trial -- based on the totality of all that they have brought before the Court to date.

---

[2] 34. *United States v. Oakland Cannabis Buyers' Coop.*, 190 F.3d 1109, 1114–15 (9th Cir. 1999) (per curiam), *rev'd*, 532 U.S. 483 (2001).

This matters more to co-Plaintiff John Novak as a medicinal patient who needs quality and consistency in his strains and therein lies the crux of Plaintiffs' 14th Amendment Claim:

He has used products he feels were contaminated and that not only impacts the general health of all users, it disparately impacts the health of many medical patients without any Legal Rational Basis, and that is a problem of Constitutional Proportions.

III. <u>Conclusion</u>.

Plaintiffs do not seek specific reply or action from the Court at this time. This is strictly an informational filing. Plaintiffs have always approached this Court with full candor. While Plaintiff Novak has not successfully litigated 42 USC §1983 matters Plaintiff King most certain has, and he looks forward to clarification of these issues in the present case. All Plaintiffs thank the Court in advance for the opportunity have full understanding of their position as the litigation moves forward, either as pro se litigants or as clients of licensed Counsel.

Respectfully submitted,

_____
Christopher King, J.D.

/s/John Novak
_____
John Novak

/s/Cynjo Raylene Hall
_____
Cynjo Raylene Hall (pending)

CERTIFICATE OF SERVICE

I the undersigned solemnly swear that true copies of this Objection was sent via email and ECF filing system to:

JONATHAN PITEL, ESQ.
ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110

This 18th Day of September, 2021

_____
CHRISTOPHER KING, J.D.