1

2

3

4

5                                                        The Honorable Richard A. Jones

6            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                      AT SEATTLE

8  CHRISTOPHER KING, J.D. A/K/A          NO. 2:20-CV-01494-RAJ
   KINGCAST, JOHN NOVAK, and
9  CYNJO RAYLENE HALL,                   STATE DEFENDANTS' REPLY
                                         IN SUPPORT OF THEIR
                  Plaintiffs,            MOTION TO DISMISS
10                                       PURSUANT RULE 12(B)(1), (2)

11          v.

12 JANE RUSHFORD, past Chair of the      **PREVIOUSLY NOTED ON
   Liquor and Cannabis Board; DAVID      MOTION CALENDAR:**
13 POSTMAN, Chair of the Liquor and
   Cannabis Board; RICK GARZA, Director  **October 29, 2021**
14 of the Liquor and Cannabis Board; JAY
   INSLEE, Governor of Washington; and
15 ROBERT FERGUSON, Washington
   Attorney General
16
   In their Individual and Official Capacities,
17
                  Defendants.

18            I.      INTRODUCTION

19        This Court previously ruled that it lacks jurisdiction over both the subject of Plaintiffs'

20 allegations, and personal jurisdiction over the Defendants. Nothing in Plaintiff's Second

21 Amended Complaint changes that analysis. Therefore, the Court should dismiss this action, with

22 prejudice, and grant judgment for the Defendants.[1]

23

24

25        [1] As Defendants noted in their Opposition to Plaintiffs' Request to Instanter File, Plaintiffs filed their
   Response to Plaintiffs' Motion to Dismiss more than a week late, and without leave of the Court. While Defendants
26 believe the Court should not countenance that late filing, they file this Reply out of an abundance of caution.

STATE DEFENDANTS' REPLY IN                1         ATTORNEY GENERAL OF WASHINGTON
SUPPORT OF THEIR MOTION TO DISMISS                    Licensing & Administrative Law Division
PURSUANT TO RULE 12(B)(1), (2)                               1125 Washington St SE
                                                             Olympia, WA 98504-0110
                                                                (360) 753-2702

(2:20-CV-01494-RAJ)

## II.    ARGUMENT

**A.    The Court Should Strike the Non-Pleading Materials Submitted with Plaintiffs' Response**

Defendants filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b), seeking a decision based on the pleadings. Dkt. # 95. Motions for Judgment on the pleadings are limited to consideration of the pleadings, including any documents attached to the pleadings, as well as those documents that are necessarily incorporated by reference in the complaint, or which are integral to the complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) ("material which is properly submitted as part of the complaint may be considered.") (citing *Amfac Mtg. Corp. v. Arizona Mall of Tempe*, 585 F.2d 426 (9th Cir. 1978). Assuming *arguendo* that the various attachments submitted with Plaintiffs' Second Amended Complaint were "properly submitted as part of the Complaint," Defendants hereby move this Court, pursuant to LCR 7(g), to strike the following materials submitted with Plaintiffs' Reponse: Appendix A (Dkt #102-1); Appendix B (Dkt #102-2); Appendix E (Dkt # 102-5); and Appendix G (Dkt # 102-7). These documents were neither attached to the Complaint, incorporated by reference in the Complaint, nor integral to the Complaint and are not properly before the Court.

**B.    Plaintiffs' Claims Are Premised Entirely on Questions of State Law, and therefore the Court Lacks Jurisdiction under 28 U.S.C § 1331**

As Defendants have previously explained, the Court's jurisdiction under 28 U.S.C. § 1331 requires the Plaintiffs to establish that the matter either arises under federal law or necessarily involves the resolution of a substantial question of federal law. *See Cook Inlet Region, Inc., v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012).

"'A case arise[es] under federal law within the meaning of § 1331 . . .  if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Cook Inlet Region, Inc.*, 690 F.3d at 1130 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*,

STATE DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO DISMISS
PURSUANT TO RULE 12(B)(1), (2)

2

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702

(2:20-CV-01494-RAJ)

1   547 U.S. 677, 689-90, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006)). A plaintiff may not establish

2   federal jurisdiction simply by including in its complaint allegations of federal-law questions that

3   are not essential to its claim. *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019).

4          As has been clear since the filing of Plaintiffs' First Complaint, Plaintiffs' claims all

5   require resolution of Washington law, not federal questions. In plainest terms, Plaintiffs allege

6   that the scope of authority Washington's statutes confer on LCB's enforcement officers is limited

7   with regard to marijuana; that LCB officers are not peace officers under Washington law; and

8   finally, that any marijuana enforcement activity by LCB officers necessarily violates

9   unspecified federal constitutional rights and the terms of a federal asset sharing program.

10  Dkt. # 101 1-14; Dkt. # 93 ¶¶ 14-84. Plaintiffs fully elide the questions of Washington law they

11  raise, i.e. what is the scope of LCB authority. Dkt. # 101, 1-14. But that is the fundamental

12  question that requires resolution to support any of Plaintiffs' claims. And Plaintiffs point to no

13  federal statute that provides for this cause of action. *Id.*

14         The same is true as to Plaintiffs' claims regarding LCB's alleged failure to properly

15  exercise its authority to test and impound marijuana. *See e.g.*, Dkt. # 93 ¶ 92 (discussing the

16  application of WAC 314-55-225); ¶ 96 (asserting potential changes to LCB's statutory

17  authority); and ¶¶ 99-104 (asserting that Plaintiff Novak cannot access strains of cannabis

18  available prior to the establishment of Washington's open cannabis industry by Initiative 502 in

19  2012); at 31 (seeking "Declaratory Judgment and an Order relative to the fact that LCB cannot

20  establish adherence to RCW 42.52.080(2) on testing and destruction of hot pot. . . ."). Of course,

21  each of these claims is a claim that LCB (notably, not any of the individual defendants) is failing

22  to follow Washington, not federal, law.

23         This case does not "arise out of federal law" or "depend on resolution of a substantial

24  question of federal law," and the Court lacks jurisdiction over this action. *Cook Inlet Region,*

25  *Inc.*, 690 F.3d at 1130.

26

STATE DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO DISMISS
PURSUANT TO RULE 12(B)(1), (2)

3

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702

(2:20-CV-01494-RAJ)

**C.   Defendants Have not Waived their Immunity Under the Eleventh Amendment**

In the Court's order granting Defendants' original Motion to Dismiss, the Court recognized that "a state's immunity under the Eleventh Amendment extends to its agencies and departments," and "to state officials who allegedly violated state law in carrying our their official responsibilities." Dkt. # 91. Most importantly, the Court recognized that "LCB has not waived its immunity" and thus "the Court lacks jurisdiction over claims against the LCB." Dkt. # 91.

Plaintiffs continue to insist that they may assert claims against the Defendants in their official capacities. Dkt. # 101, 19-21. To do so they rely solely on the fact that the State of Washington waived its immunity under the Eleventh Amendment in a completely unrelated matter, *Perry Failing*. *Id.* That, of course, proves Defendants' point: the State must "unequivocally evidence the state's intention to subject itself to the jurisdiction of the federal court," as Washington did in *Perry Failing*. *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754, 758 (9th Cir. 1999). But the State's waiver of immunity in one action does not act to waive the State's immunity in all other actions. *See, e.g., Tegic Communications Corp. v. Board of Regents of University of Texas System*, 458 F.3d 1335, 1342 (Fed. Cir. 2006) ("We agree with the University that its filing of the Texas action did not establish waiver as to this separate action."). The State has not waived its immunity in this action, and the Defendants are immune in their official capacities.

**D.   Defendants Are Entitled to Qualified Immunity for Any Claims Made Againt them in their Personal Capacities**

Qualified immunity shields government officials performing discretionary functions as long as their conduct does not violate clearly established constitutional law of which a reasonable person should have known. *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). The test is whether the facts alleged by the plaintiff make out a violation of a constitutional right and, second, whether the right at issue was "clearly established" at the time of the alleged violation. *Id.* The first question is whether the facts alleged by Plaintiffs,

STATE DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO DISMISS
PURSUANT TO RULE 12(B)(1), (2)

4

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702

(2:20-CV-01494-RAJ)

1    pursuant to Rule 12(b)(6), establish a violation of a constitutional right. *Id.* This requires that

2    Plaintiffs allege specific actions, taken by specific named individuals, and the identification of

3    the constitutional right that was allegedly violated. Plaintiffs' allegations fail on both ends.

4           First, as explained more extensively in Defendants' Motion to Dismiss, Plaintiffs have

5    not alleged a single, specific action committed by a single named defendant, instead relying on

6    bare, conclusory statements such as the allegation Postman, "willfully engages staff in Arbitrary,

7    Capricious and Ultra Vires policies." *See* Dkt. # 95 at 9-10. Further, Plaintiffs include no specific

8    allegations regarding how a lack of quality and variety in available marijuana strains or the

9    purported ultra vires activity of LCB enforcement officers violates their protections against self-

10   incrimination and involuntary servitude, due process rights, or their right to equal protection of

11   the laws. *See Hamilton v. Brown*, 630 F.3d 889 (9th Cir. 2011).

12          And, Plaintiffs have no answer as to how they have a federal constitutional right

13   stemming from engaging in an illegal activity. There is no such right protected under the United

14   States Constitution. *See Vell Harris v. California Medical Forensic Service*, 2016 WL 5407820

15   at *3 (N.D.Ca. 2016) (finding no viable constitutional claim in denying the plaintiff access to

16   medical marijuana while incarcerated, "'no plausible federal claim can be drawn from plaintiff's

17   allegations regarding the denial of his requests to use marijuana, which is illegal under the federal

18   Controlled Substances Act. . . . .'") (internal citations omitted); *see also Vail v. City of*

19   *Sacramento*, 2019 WL 3500518 at *5 (E.D.Ca. 2019) ("'federal law does not recognize any

20   protectible liberty or property interest in the cultivation, ownership, or sale of marijuana.")

21   (internal citations omitted). "In order to state a claim for relief under § 1983, Plaintiff must satisfy

22   the "linkage requirement"—meaning that he must link each named Defendant with some

23   affirmative act or omission that demonstrates a violation of Plaintiff's federal rights." *Scalia v.*

24   *County of Kern*, 308 F.Supp.3d 1064, 1072 (E.D.Ca. 2018). Plaintiffs's Second Amended

25   Complaint fails to include any specific allegations against any specific named defendants, and

26

STATE DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO DISMISS
PURSUANT TO RULE 12(B)(1), (2)

5

(2:20-CV-01494-RAJ)

1  fails to link those allegations to any deprivation of constitutional rights. Their bare allusions to

2  claims arising under 42 U.S.C. § 1983 are insufficient to survive dismissal.

### III.    CONCLUSION

4       For the reasons set forth in Defendants' Motion to Dismiss, the Defendants are entitled

5  to judgment, and the Court should dismiss this action with prejudice.

7       DATED this 5th day of November 2021.

9                                  ROBERT W. FERGUSON
                                   Attorney General
10

11

12                                 _____
                                   JONATHAN E. PITEL, WSBA # 47516
13                                 *Assistant Attorney General*
                                   1125 Washington Street SE
14                                 PO Box 40110
                                   Olympia, WA 98504
15                                 Jonathan.Pitel@atg.wa.gov
                                   LalOlyEF@atg.wa.gov
16                                 (360) 586-2780

17                                 Counsel for State Defendants

STATE DEFENDANTS' REPLY IN                    6          ATTORNEY GENERAL OF WASHINGTON
SUPPORT OF THEIR MOTION TO DISMISS                         Licensing & Administrative Law Division
PURSUANT TO RULE 12(B)(1), (2)                                  1125 Washington St SE
                                                               Olympia, WA 98504-0110
                                                                    (360) 753-2702

(2:20-CV-01494-RAJ)

**CERTIFICATE OF SERVICE**

I, Jonathan E. Pitel, hereby certify that on November 5, 2021, I caused the foregoing STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(B)(1), (2), to be served upon the below listed Plaintiffs by First Class United States mail via Consolidated Mail Service, as well as an electronic copy, marked for delivery to:

> JOHN NOVAK
> 20126 BALLINGER WAY NE
> PMB 260
> SHORELINE, WA 98155
> JMNOVAK22@OUTLOOK.COM
>
> CYNJO RAYLENE HALL
> 23010 50TH AVE WEST
> MOUNTLAKE TERRACE, WA 98043
> CYNJORAYLENE@GMAIL.COM

Via PACER portal:

> CHRISTOPHER KING
> 721 E 5TH ST #B
> ARLINGTON, WA 98223
>
> THE HONORABLE RICHARD JONES
> U.S. DISTRICT COURT W.D. WASHINGTON
> 700 STEWART STREET SUITE 13128
> SEATTLE, WA 98101-9906

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 5th day of November, 2021 at Olympia, WA.

_____
JONATHAN E. PITEL, WSBA 47516
Assistant Attorney General

STATE DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO DISMISS
PURSUANT TO RULE 12(B)(1), (2)

7

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
1125 Washington St SE
Olympia, WA 98504-0110
(360) 753-2702

(2:20-CV-01494-RAJ)