1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11
12
13
14
15
16

CHRISTOPHER KING, J.D. A/K/A
KINGCAST, and JOHN NOVAK,

Plaintiff(s),

v.

LIQUOR AND CANNABIS BOARD OF
THE STATE OF WASHINGTON et al.,

Defendant(s).

CASE NO. 2:20-cv-01494-TL

ORDER DENYING JOINDER OF
NEW PLAINTIFF, GRANTING
DEFENDANTS' MOTION TO
DISMISS, AND STRIKING
PLAINTIFFS' MOTIONS FOR
JUDICIAL NOTICE AS MOOT

17
18
19
20
21
22
23
24

This matter is before the Court on Plaintiffs' Request for Permissive Joinder and Request
to Moot Defendants' 12(b)(1) Motion to Dismiss (Dkt. No. 84) and Defendants' Motion to
Dismiss Pursuant to FRCP 12(b)1, 2 (Dkt. No. 95). The Court also addresses Plaintiff's request
for relief from the deadline to file a response in opposition to Defendants' motion to dismiss
(Dkt. No. 101), as well as Plaintiffs' Rule 201 motions for judicial notice (Dkt. Nos. 75, 94).
Having reviewed the Parties' extensive briefing, notices of supplemental authority, and the
relevant record, the Court finds oral argument unnecessary. *See* LCR 7(b)(4). The Court DENIES

Plaintiffs' request for permissive joinder, GRANTS Plaintiffs' request for relief from the motion to dismiss response deadline, GRANTS Defendants' motion to dismiss, and ORDERS this case DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. The Court further STRIKES AS MOOT Plaintiffs' remaining motions for judicial notice.

## I.   BACKGROUND

Plaintiff Christopher King is a journalist and advocate for legal recreational cannabis use in Washington state, and Plaintiff John Novack is a Washington resident who uses retail marijuana for medicinal purposes (collectively, "Plaintiffs"). Dkt. No. 93 at ¶¶ 3-4. Plaintiffs "routinely purchase cannabis products and pay[] the requisite sales tax to do so." *Id.* On October 9, 2020, Plaintiffs filed a complaint against Defendants Washington State Liquor and Cannabis Board ("LCB"), Jane Rushford, Chair of LCB, and Rick Garza, Director of LCB (collectively "LCB Defendants"). Dkt. No. 1. The same day, Plaintiffs filed a motion for preliminary injunctive relief. Dkt. No. 2. A week later, Plaintiffs filed a First Amended Complaint ("FAC") adding defendants Jay Inslee, Governor of Washington; Robert Ferguson, Washington State Attorney General (along with LCB Defendants, collectively "State Defendants"); William P. Barr, United States Attorney General; and the Office of National Drug Control Policy (collectively "Federal Defendants"). Dkt. No. 7.

In their FAC, Plaintiffs alleged that Washington state law limits the authority of LCB peace officers to the enforcement of liquor statutes, prohibiting LCB officers from enforcing criminal cannabis statutes. *Id.* at 6, ¶¶ 14-16 (citing RCW 66.44.010). Plaintiffs also alleged that LCB routinely acts beyond its statutory authority by allowing agents who do not have Basic Law Enforcement Academy ("BLEA") certification or training to enforce criminal cannabis statutes. *Id.* at 7, ¶¶ 18-19 (citing RCW 10.93). Plaintiffs further claimed "the LCB imperils cannabis users by failing to conduct periodic testing to detect impurities, mold and other contaminants."

1    *Id.* at 13, ¶ 49. Plaintiffs sought declaratory and injunctive relief for what they alleged were

2    "Substantive and Procedural Due Process violations occurring under the Fifth and Fourth

3    Amendment and 42 U.S.C. §1983." *Id.* at 17-18.

4          On November 19, 2020, State Defendants moved to dismiss the action based on the FAC

5    for lack of subject matter and personal jurisdiction. Dkt. No. 28. Plaintiffs failed to timely

6    respond. Almost two months later, on February 1, 2021, Plaintiffs moved to extend the time to

7    respond to State Defendants' motion, claiming that "they did not see any Notification of a

8    Motion to Dismiss." Dkt. No. 29. State Defendants opposed extending the response deadline

9    (Dkt. No. 34), but only after Plaintiffs had already filed their proposed opposition briefing (Dkt.

10   No. 32). While the motion to dismiss was pending, Plaintiffs voluntarily dismissed the Federal

11   Defendants. Dkt. No. 56. Plaintiffs also requested leave to further amend their complaint (Dkt.

12   No. 71), which State Defendants (hereinafter, "Defendants") opposed as well (Dkt. No 77).

13         On September 8, 2021, the Court entered an order granting Plaintiffs relief from the

14   response deadline and granting Defendants' motion to dismiss.[1] *See generally* Dkt. No. 91. Most

15   pertinently, the Court found that none of Plaintiffs' allegations arose under or required resolution

16   of a substantial question of federal law. *Id.* at 8. The Court therefore lacked subject matter

17   jurisdiction under 28 U.S.C. § 1331. *Id.* The Court further held that the state of Washington had

18   not waived Eleventh Amendment immunity and dismissed all claims against the LCB and the

19   state officials in their official capacities. *Id.* at 10. The Court also found Plaintiffs failed to assert

20   facts showing any individual Defendant in their personal capacities had deprived Plaintiffs of

21   any Constitutional rights and were therefore entitled to qualified immunity. *Id.* at 11.

22   Additionally, although the Court granted Plaintiffs relief from the missed response deadline and

23

24   ───────────────
[1] The Court's order also denied Plaintiffs' motion for preliminary injunction. Dkt. No. 91 at 4-6.

ORDER DENYING JOINDER OF NEW PLAINTIFF, GRANTING DEFENDANTS' MOTION TO DISMISS, AND STRIKING
PLAINTIFFS' MOTIONS FOR JUDICIAL NOTICE AS MOOT - 3

considered their prematurely filed opposition briefing in deciding the motion to dismiss, the Court warned Plaintiffs that it would not "hesitate to strike or deny any untimely pleadings in the future." *Id.* at 7. Owing to their *pro se* status, the Court gave Plaintiffs three weeks to file an amended complaint that resolved the deficiencies noted in its order. *Id.* at 11. Consequently, the Court denied as moot Plaintiffs' earlier motion to amend. *Id.* at 12.

Shortly before the Court entered its order, Plaintiffs filed a motion requesting permission to join an additional *pro se* Plaintiff. Dkt. No. 84. The proposed additional Plaintiff, Cynjo Raylene Hall, is a Washington taxpayer who works as a "budtender" in Washington's retail cannabis industry. *Id.* at 1; Dkt. No. 89 at 1-2. Ms. Hall was apparently subjected to criminal prosecution in Snohomish County District Court by LCB enforcement agents for allegedly selling cannabis to under-age individuals, although her criminal case was ultimately dismissed without prejudice. Dkt. Nos. 84 at 2; 89 at 2. Defendants oppose the joining of Ms. Hall as an additional Plaintiff. *See generally* Dkt. No. 87.

On September 21, 2021, within the time to amend allotted by the Court but before a decision was entered on their joinder motion, Plaintiffs filed their Second Amended Complaint ("SAC"). Dkt. No. 93. In the SAC, Plaintiffs include factual allegations regarding Ms. Hall's claims against Defendants, as well as reiterating their own claims. *See generally id.* Plaintiffs add allegations regarding the LCB's involvement in a federal "Asset Forfeiture Program" in conjunction with the U.S. Department of Justice. *Id.* at ¶¶ 14-15. In addition to requests for similar declaratory and injunctive relief as were included in the FAC, Plaintiffs also request "Assessment of Compensatory and Punitive Damages" for both Ms. Hall and Mr. Novak. *Id.* at 30. The Court notes that Plaintiffs do not include a request for damages for Mr. King.

On October 5, 2021, Defendants timely filed a motion to dismiss arguing that Plaintiffs' SAC fails to cure the subject matter and personal jurisdiction deficiencies noted in the Court's

prior order. *See generally* Dkt. No. 95. Per LCR 7(d)(3), Plaintiffs' opposition to the motion to dismiss was due by no later than Monday, October 25, 2021. Plaintiffs again failed to timely respond. Instead, on November 1, Plaintiffs filed a pleading stylized as "Plaintiffs' Request to Instanter File their Memorandum in Opposition to Defendants' Motion to Dismiss." Dkt. No. 101. The next day, Plaintiffs filed a response in opposition to the motion to dismiss. Dkt. No. 102. Three days later, Defendants filed a reply brief in response to Plaintiffs' opposition. Dkt. No. 104.

Also pending before the Court are two ancillary motions filed by Plaintiffs asking the Court to take judicial notice under Federal Rule of Evidence 201 of an opinion piece published in the South Seattle Emerald (Dkt. No. 75) and filings from two other cases involving Defendants (Dkt. No. 94). Defendants oppose these motions as well. *See generally* Dkt. Nos. 79, 98.

## II.    DISCUSSION

### A.    Plaintiffs' Motion for Permissive Joinder

Federal Rule of Civil Procedure 20 permits the joinder of plaintiffs in one action when "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and** (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1) (emphasis added). Plaintiffs must satisfy both prongs of the test for permissive joinder. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Plaintiffs fail to show that Ms. Hall's claims arise out of the same transaction or occurrence as any of their claims.

According to Plaintiffs' joinder motion, and the allegations Plaintiffs prematurely included in their SAC, Ms. Hall's claims arise out of her prosecution in Washington state court for allegedly selling cannabis to under-age individuals. *See* Dkt. Nos. 84 at 3-5; 89 at 2; *see also, e.g.*, 93 at 3-4, and ¶¶ 6, 8, 42-43, 51 n.9. There are no facts included in any of Plaintiffs'

1    pleadings establishing that Ms. Hall's claims arise out of the same transaction or occurrence as

2    either Mr. King's or Mr. Novak's claims. Ms. Hall seeks compensatory and punitive damages

3    relating to her experience as a budtender "who was subjected to Unconstitutional conduct by

4    unauthorized personnel at the LCB . . . who work together with Federal Agents." Dkt. No. 93

5    at 30. However, Plaintiffs fail to plead any facts indicating that either Mr. King or Mr. Novak

6    were ever budtenders, and Mr. King has not been subject to prosecution under Washington's

7    cannabis laws. Mr. Novak appears to have had a case brought against him stemming from a raid

8    on his home garden that occurred in 2010 but the case was dismissed in 2012. *Id.* at ¶¶ 98-99.

9    Further, Plaintiffs' own allegations in the SAC highlight that the transactions or occurrences they

10   challenge are "each from a different area of failed Jurisdiction [sic] at LCB." *Id.* at ¶ 26. At best,

11   Plaintiffs' pleadings suggest that Ms. Hall's "claims are clearly aligned with Plaintiffs" (Dkt.

12   No. 89 at 2), in that she shares an interest in their preferred interpretation of the relevant

13   Washington statutes (*i.e.*, that LCB agents cannot enforce Washington's criminal cannabis

14   statutes). While this might meet the common question of law prong for joinder, it fails to satisfy

15   the same transaction or occurrence requirement for permissive joinder.

16         Since Plaintiffs fail to make the appropriate showing under the federal rules for

17   permissive joinder, their motion to join Ms. Hall is DENIED.

18         **B.**      **Plaintiffs' Request for Relief from the Motion to Dismiss Response Deadline**

19         Despite the Court's prior warning to Plaintiffs about missing filing deadlines (*see* Dkt.

20   No. 91 at 7), Plaintiffs again failed to timely respond to Defendants' motion to dismiss.

21   Defendants filed their motion to dismiss on October 5, 2021, with a noting date of October 29 as

22   required by Local Civil Rule 7. Plaintiffs' deadline to respond was the Monday before the noting

23   date, or October 25, 2021. LCR 7(d)(3). Because Plaintiffs failed to oppose the motion,

24   Defendants did not file a reply by the October 29 noting date.

1    This time around, Plaintiffs realized their mistake within a few days of the motion noting

2    date and filed their request for permission to file an untimely response on November 1, 2021.

3    Dkt. No. 101. Before the Court could rule on their request, Plaintiffs filed their untimely

4    response on November 2, 2021. Dkt. No. 102. That same day, Defendants filed an opposition to

5    Plaintiffs' request for relief from the response deadline. Dkt. No. 103. Defendants also filed a

6    reply brief responding to Plaintiffs' untimely opposition to their motion to dismiss. Dkt.

7    Nos. 105, 106.

8         The Local Civil Rules allow the Court to consider Plaintiffs' failure to timely oppose

9    Defendants' motion to dismiss "as an admission that the motion has merit." LCR 7(b)(2). The

10   Court warned Plaintiffs that missing filing deadlines could have serious consequences, including

11   the Court striking or denying any untimely pleading. Dkt. 91 at 7. That said, the Court

12   acknowledges that this time Plaintiffs quickly recognized their mistake and did not delay in

13   attempting to correct it. Additionally, Defendants have not been prejudiced, as they were able to

14   file their reply with the Court for consideration as well. Therefore, in the interest of ruling on the

15   merits, the Court GRANTS Plaintiffs' request for relief from the response deadline and will

16   consider both Plaintiffs' opposition and Defendants' reply briefing in determining the motion to

17   dismiss.

18   **C.    Defendants' Motion to Dismiss**

19        Defendants renew their motion to dismiss on both subject matter and personal jurisdiction

20   grounds, arguing that Plaintiffs' SAC fails to cure the deficiencies noted by the Court in its prior

21   order dismissing Plaintiffs' claims. Dkt. No. 95 at 1-2. Subject matter jurisdiction is typically

22   considered before personal jurisdiction or other defects in the pleadings because it cannot be

23   waived and must exist for a court to consider the merits of a case. *See Ruhrgas AG v. Marathon*

24

1   *Oil Co.*, 526 U.S. 574 (1999); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83

2   (1998).

3   ### 1.      Subject Matter Jurisdiction

4   District courts have "original jurisdiction of all civil actions arising under the

5   Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is Plaintiffs' burden to

6   establish the existence of federal subject matter jurisdiction. *Chandler v. State Farm Mut. Auto.*

7   *Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). When reviewing a motion to dismiss, the Court

8   "must accept all factual allegations of the complaint as true and draw all reasonable inferences in

9   favor of the nonmoving party." *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 867 (9th Cir.

10  2002) (internal citation and quotations omitted). To determine whether a case has federal

11  question jurisdiction, a court must consider "if a well-pleaded complaint establishes either that

12  federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

13  resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v.*

14  *McVeigh*, 547 U.S. 677, 690 (2006) (internal quotations and citation omitted).

15  In its prior order, the Court found that "Plaintiffs' claims and requested relief all depend

16  on the interpretation of Washington state laws. . . . [and] [t]heir right to relief wholly depends on

17  resolution of Washington state law." Dkt. No. 91 at 8-9. Plaintiffs therefore failed "to

18  demonstrate that the case invokes federal question jurisdiction under 28 U.S.C. § 1331" in their

19  FAC. *Id.* Defendants now argue that Plaintiffs' SAC fails to cure these defects.

20  The Court finds that, as in their FAC, Plaintiffs have failed to establish that any of their

21  claims in their SAC assert a federal cause of action or require the resolution of a substantial

22  question of federal law. All of Plaintiffs claims for relief still fundamentally rely on the

23  interpretation of Washington state statutes regulating the state's retail cannabis industry.

24  Specifically, Plaintiffs continue to challenge (1) whether the LCB has criminal enforcement

1   authority with respect to the cannabis regulations, (2) whether LCB officers are peace officers as

2   defined by Washington law, and (3) whether Washington's statutory cannabis quality assurance

3   and testing requirements are not being appropriately implemented so medical cannabis

4   consumers are unable to procure the strains needed to treat their conditions. *See generally* Dkt.

5   No. 93. The Court already addressed these claims (Dkt. No. 91) and nothing in the SAC on these

6   issues disturbs the reasoning laid out in that Order.

7       Plaintiffs attempt to assert that federal question jurisdiction has been met in their SAC

8   based on the addition of allegations regarding: (1) Ms. Hall's alleged federal due process claims

9   arising from her criminal prosecution initiated by LCB enforcement officers, (2) LCB's

10  participation in what Plaintiffs term a federal "Asset Forfeiture Program," and (3) interference

11  with Mr. Novak's alleged Constitutionally protected right to make medical decisions as a

12  medical cannabis user. *See generally* Dkt. No. 102; *see also* Dkt. No. 93 at 2-5.

13              *a)*     ***Plaintiffs' claims are not saved by Ms. Hall's allegations.***

14      As noted in Section II.A above, Plaintiffs failed to meet their burden to join Ms. Hall as

15  an additional plaintiff in this case. As such, none of the allegations prematurely included in the

16  SAC regarding Ms. Hall can save their respective state-law dependent claims. Even if Ms. Hall's

17  claims were added, however, they suffer the same issue as the claims in the FAC as they turn on

18  the interpretation of Washington state statutes regulating the state's retail cannabis industry.

19              *b)*     ***Plaintiffs' fail to assert a federal cause of action or substantial***
20                       ***question of federal law based on the LCB's alleged participation***
                         ***in the federal Asset Forfeiture Program.***

21      Even if taken as true, Plaintiffs' allegations regarding LCB's participation in the federal

22  Asset Forfeiture Program are insufficient to establish subject matter jurisdiction. Plaintiffs

23  provide no case law or federal statute giving rise to a federal cause of action in relation to the

24

1    alleged Asset Forfeiture Program. Nor do Plaintiffs allege that they have ever been subject to or

2    harmed in any way because of LCB's participation in the federal program. At best, their

3    allegations amount to conclusory claims of hypothetical Constitutional violations that could

4    potentially befall a Washington cannabis user, which fail to meet federal pleading requirements.

5    *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (holding that "a plaintiff's obligation

6    to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

7    and a formulaic recitation of a cause of action's elements will not do.").

8         Nor does Plaintiffs' requested relief rely on the resolution of a substantial question of

9    federal law. Plaintiffs request a declaration that LCB unlawfully participates in the Asset

10   Forfeiture Program because it is not a law enforcement agency. Dkt. No. 93 at ¶ 24. Plaintiffs

11   admit, though, that the scope of LCB's authority as a law enforcement agency is a question of

12   state law, not federal law. Dkt. No. 102 at 14 (noting that "*State Law was and is clear – there*

13   *was no authority*" (emphasis original)).

14                    c)    ***Plaintiffs' claims based on a Constitutional right to be free from***
                            ***interference in personal medical decisions also fail to establish***
15                          ***federal subject matter jurisdiction.***

16        Plaintiffs' final attempt at asserting federal question jurisdiction is premised on

17   Mr. Novak's status as a medical cannabis user.[2] Plaintiffs argue that Defendants' failure to

18   appropriately implement the statutory requirements for quality control and testing found in its

19   cannabis regulations has interfered with Mr. Novak's alleged Constitutional right to make

20   medical decisions because he has been unable to find the same strains of unadulterated cannabis

21

22

23   ───────────────
     [2] As with Ms. Hall's claims, even if the Court found it had subject matter jurisdiction over Mr. Novak's alleged
     Constitutional claim, that determination would not necessarily save any of Mr. King's individual state-law
24   dependent claims as the SAC does not assert that Mr. King is also a medical cannabis user.

1    in Washington's retail market that were available prior to the adoption of I-502. Dkt. No. 93

2    at ¶¶ 85-104.

3            Plaintiffs' legal authority is inapplicable. Plaintiffs cite to a law review article that *argues*

4    *for* recognition of a federal Constitutional right for individuals to make medical decisions that

5    overrides legislative prohibitions against a chosen treatment option (*i.e.* medical cannabis use).

6    *See* Dkt. Nos. 93 at 4; 102 at 22-23; *see also* B. Jessie Hill*, The Constitutional Right to Make*

7    *Medical Treatment Decisions: A Tale of Two Doctrines*, 86 Tex. L. Rev. 277, 282 (2007).

8    Notably, neither Plaintiffs nor the law review article provide any authority establishing that such

9    a Constitutional right already exists. Instead, Plaintiffs cite cases, which were included in the

10   article, involving the intersection of federal drug law and state medical cannabis regulations as

11   compared to federal Constitutional challenges to state laws restricting abortions. *See* Dkt.

12   No. 102 at 23 (citing *United States v. Cannabis Cultivators Club*, 5 F. Supp. 2d 1086 (N.D. Cal.

13   1998); and *Doe v. Bolton*, [3] 410 U.S. 179, 183 (1973)).

14           In this case, there is no federal intrusion into Mr. Novak's medical cannabis use

15   decisions. Cannabis use is illegal for any purpose under federal law. *See* 21 U.S.C. § 812(b)(1);

16   21 C.F.R. § 1308.11(31). Thus, Mr. Novak's right to use cannabis to treat his medical condition

17   cannot arise under federal law, and his complaints about not being able to access his preferred

18   strains of cannabis to treat his condition are indisputably a matter of state law. Instead, Mr.

19   Novak takes issue with the State Defendants' implementation of Washington state statutes

20   regarding quality control and testing of cannabis products that are sold in Washington retail

21

22

23   [3] The Court notes that *Bolton* is in the line of cases that was abrogated by the U.S. Supreme Court's recent decision
     in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022), which dramatically altered the legal landscape
     that was analyzed by the cited law review article in 2007 regarding the constitutionality of medical abortion
24   decisions. That said, the *Dobbs* decision has no relevance to the issue at bar in this case.

1    cannabis dispensaries. Thus, Mr. Novak's right to relief wholly depends on resolution of

2    Washington state law.

3         Plaintiffs' SAC fails to cure the deficiencies identified in the Courts' prior order

4    dismissing their claims for lack of subject matter jurisdiction. Therefore, the Court GRANTS

5    Defendants' motion to dismiss and ORDERS this case DISMISSED WITH PREJUDICE.

6                      **2.      Personal Jurisdiction**

7         Because the Court finds that it lacks subject matter jurisdiction, it need not address

8    Defendants' arguments regarding personal jurisdiction. That said, the Court finds nothing in

9    Plaintiffs' SAC that overcomes the defects in Plaintiffs' claims that were previously noted by the

10   Court. *Compare* Dkt. No. 91 at 9-12 *with generally* Dkt. No. 93.[4]

11              **D.      Plaintiffs' Evidentiary Motions**

12        Because the Court finds that it lacks subject matter jurisdiction and dismisses this case

13   with prejudice, it further DENIES AS MOOT Plaintiffs' remaining motions requesting the Court take

14   judicial notice of specified documents under Evidence Rule 201 (Dkt. Nos. 75, 94) and ORDERS

15   them to be struck from the Court's hearing calendar.

16

17

18

19

20

21

22

23

24

---

[4] Plaintiff's sole argument in opposition to Defendants' renewed motion to dismiss on personal jurisdiction grounds is that Defendants allegedly waived Eleventh Amendment immunity in a case in a different district. Dkt. No. 102 at 19-21 (citing *Perry Failing v. WSLCB*, 2:20-CV-26TOR (WAED)). The state's waiver of Eleventh Amendment immunity in that action cannot be imputed as a waiver in this separate action. *See, e.g.*, *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1342 (Fed. Cir. 2006) ("We agree with the University that its filing of the Texas action did not establish waiver as to this separate action."). To waive Eleventh Amendment immunity, a state "must unequivocally evidence [its] intention to subject itself to the jurisdiction of the federal court." *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 758 (9th Cir.), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999). Washington has never evidenced an intent to waive immunity in this action.

ORDER DENYING JOINDER OF NEW PLAINTIFF, GRANTING DEFENDANTS' MOTION TO DISMISS, AND STRIKING
PLAINTIFFS' MOTIONS FOR JUDICIAL NOTICE AS MOOT - 12

III.   ORDER

For the reasons stated herein, the Court:

1. STRIKES AS MOOT Plaintiffs' motions for judicial notice (Dkt. Nos. 75 and 94);

2. DENIES Plaintiffs' motion for permissive joinder (Dkt. No. 84),

3. GRANTS Plaintiffs' request for relief from the motion to dismiss response deadline (Dkt. No. 101);

4. GRANTS Defendants' motion to dismiss (Dkt. No. 95); and

5. ORDERS this case DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

Dated this 11th day of August 2022.

Tana Lin
United States District Judge